MEDINA LAW FIRM LLC
The Chrysler Building
405 Lexington Avenue
Seventh Floor
New York, NY 10174
Tel. (212) 404-1742
Fax. (888) 833-9534
*Attorneys for Defendants*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>JORGE L. PANEQUE AND BELKIS L. PANEQUE.<br><br>Joint Debtors. | CASE NO. 13-25816-DHS<br><br>Chapter 7 |
| ROBERT B. WASSERMAN, CHAPTER & TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>ESTATE OF BASILIO VILLAREAL and BMV INC., a New Jersey Corporation,<br><br>Defendants. | Adversary Proceeding No. 14-01894-DHS |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Estate of Basilio Villareal ("Estate") and BMV, Inc. ("BMV," and together with the Estate, referred to collectively as, the "Defendants"), by and through their undersigned counsel, as and for their answer to the complaint ("Complaint") filed by Plaintiff, Robert B. Wasserman, as Chapter 7 Trustee of the Estate of Jorge L. Paneque ("Paneque" or "Debtor") and Belkis L. Paneque ("Plaintiff" or "Trustee"), brought pursuant to 11 U.S.C. §§ 544, 547, and 548 as and for their answer due hereby respond as follows:

{00021446 }                                           1

## JURISDICTION AND VENUE

1. The allegations of paragraph 1 of the Complaint set forth conclusions of law to which no response is required and which are otherwise denied.

2. The allegations of paragraph 2 of the Complaint set forth conclusions of law to which no response is required and which are otherwise denied.

3. The allegations of paragraph 3 of the Complaint set forth conclusions of law to which no response is required and which are otherwise denied.

4. The allegations of paragraph 4 of the Complaint set forth conclusions of law to which no response is required and which are otherwise denied.

## PARTIES AND PROCEDURAL BACKGROUND

5. Defendants admit the allegations of paragraph 5 of the Complaint.

6. Defendants admit the allegations of paragraph 6 of the Complaint.

7. Defendants admit the allegations of paragraph 7 of the Complaint.

8. Defendants admit the allegations of paragraph 8 of the Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 9 of the Complaint except to state that in addition to Paneque's accounting businesses the Debtor engages in business involving ownership, rental and sale of real estate.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

10. Defendants admit the allegations of paragraph 10 of the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 11 of the Complaint and leave the Plaintiff to his proofs.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and leave the Plaintiff to his proofs.

13. Defendants deny the allegations of paragraph 13 of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and leave the Plaintiff to his proofs.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and leave the Plaintiff to his proofs.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and leave the Plaintiff to his proofs.

17. Defendants deny the allegations of paragraph 17 of the Complaint.

18. Defendants admit that Paneque took advantage of and deceived Defendants and deny knowledge or information sufficient to form a belief as to the balance of the allegations of paragraph 18 of the Complaint.

19. Defendants deny the allegations of paragraph 19 of the Complaint.

20. Defendants deny the allegations of paragraph 20 of the Complaint.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and leave the Plaintiff to his proofs.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and leave the Plaintiff to his proofs.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and leave the Plaintiff to his proofs.

24. Defendants deny the allegations of paragraph 24 of the Complaint and further state that Basilio Villareal ("Decedent") did not engage in any "predatory lending" relationship

with the Debtor, but rather Decedent was a legally-blind widower who underwent dialysis on a weekly basis that was defrauded by the Debtor in the years leading to his death.

25. Defendants deny the allegations of paragraph 25 of the Complaint.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and leave the Plaintiff to his proofs.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint and leave the Plaintiff to his proofs.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint and leave the Plaintiff to his proofs.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint and leave the Plaintiff to his proofs.

**COUNT I**
**ALLEGED FRAUDULENT TRANSFERS PURSUANT**
**TO SECTION 548(a)(1)(A) OF THE BANKRUPTCY CODE**

31. Defendants repeat and reallege the foregoing paragraphs of their answer to the Complaint as if fully set forth at length herein.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint and leave the Plaintiff to his proofs.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint and leave the Plaintiff to his proofs.

**WHEREFORE**, Defendants' demand judgment dismissing the Complaint, for attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## COUNT II
### ALLEGED FRAUDULENT TRANSFERS PURSUANT
### TO SECTION 548 (a)(1)(B) OF THE BANKRUPTCY CODE

34.    Defendants repeat and reallege the foregoing paragraphs of their answer to the Complaint as if fully set forth at length herein.

35.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint and subparts 35(a)-(c) thereof and leave the Plaintiff to his proofs.

**WHEREFORE**, Defendants' demand judgment dismissing the Complaint, for attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## COUNT III
### ALLEGED FRAUDULENT TRANSFERS PURSUANT
### TO SECTION 544 AND 550(a) OF THE BANKRUPTCY CODE AND NJSA 25:2-25(a)

36.    Defendants repeat and reallege the foregoing paragraphs of their answer to the Complaint as if fully set forth at length herein.

37.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint and leave the Plaintiff to his proofs.

38.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint and leave the Plaintiff to his proofs.

**WHEREFORE**, Defendants' demand judgment dismissing the Complaint, for attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## COUNT IV
### ALLEGED FRAUDULENT TRANSFERS PURSUANT
### TO SECTION 544 AND 550(a) OF THE BANKRUPTCY CODE AND NJSA 25:2-25(b)

39.    Defendants repeat and reallege the foregoing paragraphs of their answer to the Complaint as if fully set forth at length herein.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint and subparts 40(a)-(b) and leave the Plaintiff to his proofs.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint and leave the Plaintiff to his proofs.

**WHEREFORE**, Defendants' demand judgment dismissing the Complaint, for attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## COUNT V
### ALLEGED FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 AND 550(a) OF THE BANKRUPTCY CODE AND NJSA 25:2-27(a)

42. Defendants repeat and reallege the foregoing paragraphs of their answer to the Complaint as if fully set forth at length herein.

43. Defendants deny the allegations of paragraph 43 of the Complaint.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint and leave the Plaintiff to his proofs.

45. Defendants deny the allegations of paragraph 45 of the Complaint.

**WHEREFORE**, Defendants' demand judgment dismissing the Complaint, for attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## COUNT VI
### ALLEGATIONS RELATING TO SECTION 550 OF THE BANKRUPTCY CODE

46. Defendants repeat and reallege the foregoing paragraphs of their answer to the Complaint as if fully set forth at length herein.

47. Defendants deny the allegations of paragraph 47 of the Complaint.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Complaint and leave the Plaintiff to his proofs.

**WHEREFORE**, Defendants' demand judgment dismissing the Complaint, for attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## COUNT VII
## ALLEGATIONS RELATING TO N.J.S. 31:1-1

49. Defendants repeat and reallege the foregoing paragraphs of their answer to the Complaint as if fully set forth at length herein.

50. The allegations of paragraph 50 of the Complaint set forth conclusions of law to which no response is required and which are otherwise denied.

51. The allegations of paragraph 51 of the Complaint set forth conclusions of law to which no response is required and which are otherwise denied.

52. The allegations of paragraph 52 of the Complaint set forth conclusions of law to which no response is required and which are otherwise denied.

53. Defendants deny the allegations of paragraph 53 of the Complaint.

54. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Complaint and leave the Plaintiff to his proofs.

55. Defendants deny the allegations of paragraph 55 of the Complaint.

56. Defendants deny the allegations of paragraph 56 of the Complaint.

57. Defendants deny the allegations of paragraph 57 of the Complaint.

58. Defendants deny the allegations of paragraph 58 of the Complaint.

59. The allegations of paragraph 59 of the Complaint set forth conclusions of law to which no response is required and which are otherwise denied.

60. Defendants deny the allegations of paragraph 60 of the Complaint.

61. Defendants deny the allegations of paragraph 61 of the Complaint.

**WHEREFORE**, Defendants' demand judgment dismissing the Complaint, for attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## COUNT VIII
## ALLEGATIONS RELATING TO SECTION 542(b) OF THE BANKRUPTCY CODE

62. Defendants repeat and reallege the foregoing paragraphs of their answer to the Complaint as if fully set forth at length herein.

63. Defendants deny the allegations of paragraph 63 of the Complaint.

64. Defendants deny the allegations of paragraph 64 of the Complaint.

65. Defendants deny the allegations of paragraph 65 of the Complaint.

**WHEREFORE**, Defendants' demand judgment dismissing the Complaint, for attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted pursuant to F.R.C.P. 12(b)(6) made applicable to these proceedings by Fed. R. Bankr. Proc. 2012.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by estoppel, laches, fraud, misrepresentation, waiver release/and or relinquishment.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of *in pari delicto.*

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged claims are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged claims are barred by Defendants exchange of reasonably equivalent value and good faith as set forth 11 U.S.C. § 548 and N.J.S.A.§ 25:20-30.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged claims are barred by Defendants exchange of fair consideration which was not disproportionately small and/or was made in exchange for reasonably equivalent value.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged claims are barred since any alleged transfer was made for value and in good faith as set forth in 11 U.S.C. 548(c).

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

The transactions alleged in the Plaintiff's Complaint do not implicate N.J.S.A. 31:1-1 et seq.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the statute of frauds.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as the Debtor did not repay all or most of the alleged obligations.

## TWELFTH AFFIRMATIVE DEFENSE

Any alleged loan obligation incurred by the Debtor was made in connection with improvement of real property which was used for non-residential purposes by the Debtor.

Respectfully submitted,

MEDINA LAW FIRM LLC

*/s/ Eric S. Medina*

Eric S. Medina, Esq.
The Chrysler Building
405 Lexington Avenue, 7th Floor
New York, NY 10174
Telephone: (212) 404-1742
Facsimile: (888) 833-9534
*Attorneys for Defendants*

Dated: December 8, 2014

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Answer to Adversary Complaint with Affirmative Defenses was served electronically on December 8, 2014 via the Court's ECF Filing System on all parties registered to receive notice thereby at the e-mail address registered with the Court.

Dated: December 8, 2014

*/s/ Eric S. Medina*
Eric S. Medina, Esq.